# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **H.N., B.N.-1, B.N.-2, and M.N. Jr**

**No. 16-0864** (Roane County 16-JA-7, 16-JA-8, 16-JA-9, & 16-JA-10)

**FILED**

**February 21, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father M.N., by counsel Andrew Vodden, appeals the Circuit Court of Roane County's August 15, 2016, order terminating his parental rights to six-year-old H.N., eleven-year-old B.N.-1, twelve-year-old B.N.-2, and fourteen-year-old M.N. Jr.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Anita Harold Ashley, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that there was clear and convincing evidence to support the termination of his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2016, the DHHR filed a petition for abuse and neglect against petitioner alleging that he failed to provide a necessary and safe shelter for his children by participating in the production of methamphetamine in the home. During the investigation, petitioner admitted to a Roane County Sheriff's Officer that he cooked methamphetamine "earlier in the week." Another adult in the home admitted to law enforcement that petitioner "cooked methamphetamine on more than one occasion at the residence with the most recent occasion

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two children share the same initials, we will refer to them as B.N.-1 and B.N.-2 throughout the memorandum decision. Finally, the Court notes that the proceedings below concerned an additional child that is not petitioner's biological child. Petitioner raises no assignment of error in regard to this child on appeal. Accordingly, our holding in this memorandum decision does not concern the circuit court's rulings regarding this additional child.

being February 9, 2016" and "cooked methamphetamine inside the homes days prior." Following the investigation, petitioner was arrested for operating a clandestine drug laboratory. B.N.-1 told investigators that someone "brought [methamphetamine] to the house in pop bottles."

In May of 2016, the circuit court held an adjudicatory hearing during which it heard testimony from several witnesses, including petitioner and Roane County Deputy Sheriff Todd Cole. According to Deputy Cole, he located a "white powdery residue" in a bedroom at petitioner's property and other materials commonly associated with the "shake and bake" method of methamphetamine production. Furthermore, another adult in the home admitted to Dep. Cole that methamphetamine was made in the residence while the children were present. Finally, Dep. Cole testified that petitioner admitted that he made and used methamphetamine. Petitioner testified that he was not involved in making methamphetamine and that the children were not living in the residence where deputies found methamphetamine materials. Furthermore, petitioner testified that Dep. Cole lied during his direct examination wherein he stated that petitioner admitted to making methamphetamine.

The following month, the circuit court held a second adjudicatory hearing to take additional testimony.[2] However, the witness failed to appear. The parties agreed to play petitioner's recorded audio statement given to Dep. Cole during the initial investigation.[3] After considering the testimony and the other evidence in the record, the circuit court found that petitioner's testimony was not credible. By order entered on July 8, 2016, the circuit court adjudicated petitioner as an abusing parent finding that petitioner threatened the "health, life, and safety" of his children by manufacturing methamphetamine in the residence.

In August of 2016, the circuit court held a dispositional hearing during which a DHHR worker testified that petitioner was currently incarcerated, that he had not participated in services during the underlying proceedings, and that he has not had any contact with his children.[4] By order entered August 15, 2016, the circuit court found that petitioner was not capable of substantially correcting the conditions of abuse and neglect. As such, the circuit court terminated petitioner's parental rights to his children. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

---

[2]Petitioner was not present at the adjudicatory hearing, but he was represented by counsel.

[3]The statement was not transcribed as part of the adjudicatory hearing transcript.

[4]Petitioner was not present at the dispositional hearing, but he was represented by counsel.

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). We first note that on, appeal, petitioner failed to include a standard of review and failed to adequately cite to appropriate legal authority in support of his arguments on appeal.

Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

[t]he brief must contain an argument exhibiting clearly the points of fact *and law* presented, *the standard of review applicable, and citing the authorities relied on* . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, then-Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief is woefully inadequate as it fails to comply with West Virginia Rule of Appellate Procedure 10(c)(7) and our December 10, 2012, administrative order,

Despite petitioner's failure to preserve this issue for appeal, the Court has reviewed the record in this matter and determined that the circuit court committed no error in regard to petitioner's assignment of error. On appeal, petitioner argues that the circuit court erred in finding that he manufactured methamphetamine in his residence and that he consumed illegal drugs. While petitioner denied manufacturing or using methamphetamine during the May 12, 2016, adjudicatory hearing, the circuit court heard testimony to the contrary during the June 8, 2016, hearing in which petitioner's recorded statement to Dep. Cole was admitted as evidence. After considering petitioner's testimony and his recorded statement, the circuit court found that petitioner's testimony "was not credible as it clearly conflicted with his own audio-recorded statement[.]" We have previously held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). Indeed, this Court has explained

that "a trial court's credibility determinations are entitled to special deference." *Bartles v. Hinkle,* 196 W.Va. 381, 389, 472 S.E.2d 827, 835 (1996). Furthermore, Dep. Cole testified that another adult in the residence stated that petitioner manufactured methamphetamine in the residence and that petitioner admitted that he manufactured and used methamphetamine during the underlying investigation. Based on our review of this issue, we find no support for petitioner's argument that the circuit court had insufficient evidence to support termination. For these reasons, we find no error.

For the foregoing reasons, we find no error in the circuit court's August 15, 2016, order, and we hereby affirm the same.

Affirmed.

**ISSUED**:  February 21, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker